UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LOUETTA GRANDSTAFF, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | CIVIL NO. 1:18cv199 |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 15, 2013 through her date last insured of December 31, 2017 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: chronic obstructive pulmonary disease (COPD), lumbar facet arthritis L5-S1, minor degenerative changes of the cervical spine, mild manifestation of osteoarthritis of the knees, and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that: the claimant must avoid concentrated exposure to excessive airborne particulate, dusts, fumes and gases, heat and cold such as when working outside, or around chemicals and glues.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 25, 1964 and was 53 years old, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at

any time from June 15, 2013, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(g)).

(Tr. 594- 608 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on January 9, 2019. On March 18, 2019 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff seeks judicial review of the Social Security Administration's decision denying her July 31, 2013 application for DIB, alleging disability beginning June 15, 2013 (Tr. 56, 144, 592). In a decision dated March 25, 2015, Plaintiff was found to have not been under a disability, as defined in the Social Security Act, from June 15, 2013, through March 25, 2015 (Tr. 15-35, 723-743). The Appeals Council denied Plaintiff's request for review of that decision (Tr. 1-6, 744-749). This Court remanded the case on June 19, 2017, Case No. 1:16-CV-00328-TLS- SLC (Tr. 711). Pursuant to that Order, the Appeals Council directed the ALJ to further evaluate the opinions of Bharat Vakharia, M.D. (Tr. 718-721). In a new decision dated February 28, 2018, Plaintiff was found to have not been under a disability, as defined in the Social Security Act, from June 15, 2013, the alleged onset date, through December 31, 2017, the date last insured (Tr. 589-615). Plaintiff did not submit written exceptions to the Appeals Council, and the Appeals Council did not assume jurisdiction, thereby rendering the February 28, 2018 decision the Agency's final decision for purposes of judicial review.

Plaintiff's medical record shows evaluations for respiratory issues, spinal impairments, manipulative complaints, and complaints of anxiety and depression. Plaintiff reported shortness of breath in her work environment to Abdali Jan, M.D., in September 2013 (Tr. 231); but throughout 2014 and 2015, she denied shortness of breath, increased cough, chest pain, and excessive fatigue in daily activities to Dr. Vakharia (Tr. 528-582, 1176, 1179). Dr. Vakharia ordered CPAP treatment for Plaintiff in February 2015 (Tr. 569-571), with "significant improvement" noted by May 2015 (Tr. 583-588). Plaintiff reported to Michael Engle, D.O., in June 2016 that she found a CPAP helpful (Tr. 1117, 1223).

Regarding her spinal impairments, Thomas Dunne, M.D., reported to Dr. Vakharia in

5

August 2014 that Plaintiff's cervical MRI showed only minor degenerative changes (Tr. 332, 1294). A March 2016 x-ray showed marked L5-S1 right facet arthritis, with unremarkable disc spaces, unremarkable soft tissue, and normal height and alignment of the lumbar vertebrae (Tr. 1114, 1197, 1220). Musculoskeletal physical examination findings from 2013 through October 2017 included notations of back, joint, and muscle pain; but also recorded full strength, normal range of motion, and normal ambulation and gait (Tr. 231-341, 1133-1139, 1170-1182, 1204-1282).

With respect to Plaintiff's complaints of manipulative difficulties, physical examinations from 2014 through 2017 recorded no deficits in strength, coordination, dexterity, motion, or sensation (Tr. 342-568, 1183-1321). The 2013 consultative examiner observed 3/5 bilateral grip strength, but Plaintiff displayed "normal fine motor skills with normal handling of fine objects and it was indicated that the claimant was able to tie her shoes, button and unbutton clothing, and pick up coins" (Tr. 231-234). The subsequent 2016 consultative examination measured 5/5 muscle and grip strength (Tr. 1138).

Mental status examinations performed by Dr. Vakharia from 2011-2013, Douglas Scott, M.D. in 2015, and Dr. Engle from 2015-2017, recorded normal behavior, mood, and affect, without anxiety or depression; and symptoms were well controlled on medication (Tr. 236-329, 572-573, 1003, 1097-1125, 1154, 1206, 1217, 1239, 1245, 1256, 1278-1279). Plaintiff denied medication side effects to Dr. Vakharia from August 2014 through June 2015 (Tr. 572, 578, 1179).

In treatment notes from September 2012, Dr. Vakharia wrote, "Patient is advised to avoid bending, twisting or lifting heavy weight to prevent further problems with back" (Tr. 247). In

6

March 2013 treatment notes, Dr. Vakharia evaluated Plaintiff for trigger finger and advised her to "use padded gloves or padded tools for long-term prevention" (Tr. 275).

On October 28, 2016, Vijay Kamineni, M.D., performed a consultative examination (Tr. 1133-1139) and recorded no gross motor focal deficits; the ability to perform fine and gross movements on a short-term basis; muscle weakness (though muscle strength and grip strength were recorded as 5/5 in both hands); and, normal walking and range of motion (Tr. 1138). Plaintiff demonstrated a positive straight leg raise on the left and a negative straight leg raise on the right (Tr. 1138). Dr. Kamineni then provided a medical source statement:

> The patient states that she can sit for 10 minutes and stand for 10 minutes until her back and knees start to hurt. [S]he states she can only walk for 1 block before back and knees hurt and cause her to rest. She also has COPD which limits how far she can walk. She states that after 1 block she starts huffing and puffing and has to rest. Patient has normal fine motor skills with normal handling of objects. Normal concentration and social interaction. Remote and recent memory intact. Normal hearing, speech and vision. [S]he can carry ten pounds short distances. [S]he cannot lift ten pounds over their head one time.
>
> She states that she is unable to walk far due to her shortness of breath. She is unable to carry a gallon of water from the kitchen to her bedroom. She states that due to her carpal tunnel syndrome she is not [able] to lift heavy objects overhead for too long.

(Tr. 1138.) The report listed diagnoses of emphysema, chronic pain of both knees, adenoid cystic carcinoma, anxiety, history of gastric ulcer, lumbar degenerative disc disease, and bilateral carpal tunnel syndrome. (*Id.*)

In support of remand, Plaintiff argues that: (1) the ALJ erred in weighing the opinions of the treating physician and the consultative examiner; (2) the ALJ failed to incorporate into the RFC all limiting effects related to her severe and non-severe medically determinable impairments and did not consider their combined effect; and, (3) the ALJ did not properly evaluate Plaintiff's

7

work history in assessing credibility.

Plaintiff argues that the ALJ failed to consider or adequately evaluate opinions from Dr. Vakharia, Plaintiff's treating physician, and that the ALJ should have incorporated Dr. Vakharia's assessed limitations in the RFC finding. Plaintiff further argues that the ALJ improperly weighed the opinion of consultative examiner, Dr. Kamineni. As part of a September 2012 check-up, Dr. Vakharia indicated, "Patient is advised to avoid bending, twisting or lifting heavy weight to prevent further problems with back" (Tr. 247). Plaintiff argues that this opinion should have been assigned controlling weight, and notes that the RFC finding does not contain any postural limitations. The Defendant contends that, applying the regulatory factors, the ALJ properly reduced the weight assigned to this opinion because it was inconsistent with other substantial evidence of record (Tr. 605-606). 20 C.F.R. § 404.1527(c).

Controlling weight is given to treating source opinions that are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2). Supportability and consistency are also among the factors evaluated when a treating source's opinion is not given controlling weight. 20 C.F.R. § 404.1527(c)(3)-(4). The remaining factors are the following: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; and, specialization. 20 C.F.R. § 404.1527(c). An ALJ need not explicitly mention every regulatory factor, so long as the decision shows that he "was aware of and considered many of the factors." *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

In the present case, the ALJ found that Dr. Vakharia's assessed bending and twisting restrictions (Tr. 247) were extreme and unsupported by the evidence of record as a whole. In

8

support of this finding, the ALJ cited Plaintiff's 2017 work as a van driver and noted that it involved sitting and entering and exiting a vehicle – actions that require bending and twisting (Tr. 605). Although Plaintiff disagrees with the ALJ's rationale that her work as a van driver indicates greater capacity to bend and twist than suggested by Dr. Vakharia's opinion, this court agrees with Defendant that the ALJ's rationale was reasonable. Under the substantial evidence standard, if a reasonable mind would accept the ALJ's rationale based on the evidence of record, then the finding is proper. *See Richardson*, 402 U.S. at 401.

The ALJ also considered objective evidence and clinical findings. Treatment notes record full strength, normal range of motion, and normal ambulation and gait (Tr. 605-606 (citing Tr. 231-341, 1133-1139, 1170-1182, 1204-1282)), evidence which Plaintiff neglects to acknowledge in her argument. And Plaintiff demonstrated a positive straight leg raise on the left, but negative on the right with normal ranges of motion (Tr. 606 (citing Tr. 1133-1139)). Other evidence of Plaintiff's spine impairments was also considered earlier in the decision – specifically, the ALJ observed only mild or minor degenerative changes in the cervical spine (Tr. 332, 603, 1294). A March 2016 lumbar x-ray showed facet arthritis, but unremarkable disc spaces and soft tissue (Tr. 604 (citing Tr. 1114, 1197)). The clinical and objective evidence directly contradict Dr. Vakharia's suggestion that Plaintiff should avoid bending and twisting, consistent with the ALJ's decision to discount those limitations from the RFC assessment. Clearly, substantial evidence supports the ALJ's evaluation of Dr. Vakharia's 2012 statements.

In March 2013 treatment notes, Dr. Vakharia advised Plaintiff to "use padded gloves or padded tools for long-term prevention" (Tr. 275). This recommendation was attached to an evaluation for Plaintiff's right trigger finger (*id.*). Plaintiff cites the omission of this opinion from

9

the decision as an error. However, on review of the medical record, the ALJ found Plaintiff's manipulative impairments did not result in significant functional limitations and thus were not severe (Tr. 596-597). *See* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); *see also Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014) ("The ALJ is only required to incorporate into her hypotheticals those impairments and limitations that she accepts as credible."). The ALJ observed that Dr. Vakharia's treatment notes record minimal symptoms and full function (Tr. 596). Although the 2013 consultative examiner observed 3/5 bilateral grip strength, Plaintiff displayed "normal fine motor skills with normal handling of fine objects and it was indicated that the claimant was able to tie her shoes, button and unbutton clothing, and pick up coins" (*id*. (citing Tr. 231-234)),suggesting minimal manipulative limitation. Subsequent medical evidence, like the 2016 consultative examination, recorded full 5/5 grip strength (id. (citing Tr. 1138)). Other evaluations from 2014 through 2017 recorded no deficits in strength, coordination, dexterity, motion, or sensation (Tr. 596-567 (citing Tr. 342-568, 1183-1321)). Accordingly, the medical record as a whole indicates minimal manipulative limitation.

Plaintiff also reported daily activities indicative of the ability to perform fine manipulation. For example, Plaintiff was able to make quilts, operate a sewing machine, and play cards (Tr. 597 (citing Tr. 185, 862)). Based on a review of this evidence, the ALJ concluded, "the claimant's carpal tunnel syndrome has not been a severe impairment imposing significant limitations of function" (Tr. 597). Therefore, the ALJ explained why these complaints did not merit inclusion in the RFC assessment; and, Plaintiff fails to show how consideration of Dr.

Vakharia's suggested preventative measures would have affected Plaintiff's RFC or the outcome of her case. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that the party challenging an agency determination bears the burden of establishing that the error was harmful).

As noted above, Dr. Kamineni examined Plaintiff on October 28, 2016 (Tr. 1133-1139) and provided a medical source statement based primarily on Plaintiff's statements. Plaintiff argues that Dr. Kamineni's medical source statement – even though it merely repeats Plaintiff's own statements – should have been considered as if they were Dr. Kamineni's own medical opinions; or, that the ALJ should have sought clarification of this ambiguity.

Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of impairment(s), including symptoms, diagnosis and prognosis, what an individual can still do despite impairment(s), and their physical or mental restrictions. 20 CFR § 404.1527(a)(2). Further, "medical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

Here, Dr. Kamineni did not provide a "medical opinion" under the regulations (Tr. 1138). Instead, the "medical source statement" merely recited Plaintiff's own assessment of her abilities (*id.*). The ALJ properly observed that most of Dr. Kamineni's described limitations were Plaintiff's own statements (Tr. 604). Nothing in Dr. Kamineni's report indicated that he adopted Plaintiff's statements as his own medical opinion or that Plaintiff's statements were supported by the physical examination findings. Therefore, the ALJ properly found that the medical source statement was "not well supported by the objective medical findings within Dr. Kamineni's summary or by the remainder of the medical treatment records and objective medical findings

11

within" (Tr. 604). See 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.").

Specifically, Dr. Kamineni's report recorded no gross motor focal deficits; 5/5 grip strength and the ability to perform fine and gross movements on a short-term basis; muscle weakness, though muscle strength and grip strength were recorded as 5/5 in both hands; and, normal walking and range of motion (Tr. 1138). The ALJ also noted mild findings in the cervical and lumbar spines (Tr. 603-604 (citing Tr. 332, 1114, 1197, 1294)), as well as mild respiratory symptoms from 2013 through 2015 (Tr. 603 (citing Tr. 231-329, 528-582)). Overall, there was no objective evidence to support the degree of limitation described in the consultative examination report, and Dr. Kamineni merely recited Plaintiff's subjective complaints. These statements are not medical opinions and are insufficient to establish disability. *See* 20 C.F.R. § 404.1529(a) (statements about your pain or other symptoms will not alone establish that you are disabled).

Plaintiff argues that the RFC is deficient for failing to incorporate "key limitations" assessed by Plaintiff's treating physician and the examining physician. However, Plaintiff fails to develop the argument any further. Plaintiff does not identify with any specificity how the RFC should have been changed or what "key limitations" should have been incorporated into the RFC. Nor does she explain why any such limitations were supported by the record. (*Id.*). Plaintiff has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a). Accordingly, Plaintiff's perfunctory and undeveloped argument is deemed waived. *See Warner v. Astrue*, 880 F. Supp. 2d 935, 945 (N.D. Ind. 2012) (citing *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000))("the Seventh Circuit 'repeatedly ha[s] made clear that perfunctory and

undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .'").

Plaintiff also argues that she did not receive adequate credit for her work history. In so arguing, Plaintiff refers to a different ALJ's statements from the March 25, 2015 decision, which is not the subject of this appeal. That decision found that while Plaintiff's "long" work history and unsuccessful attempts to work "bolster her credibility," they "do not support a finding that she is disabled" (Tr. 26). SSA vacated that March 25, 2015 decision and it is not the Commissioner's "final decision" under 42 U.S.C. § 405(g).

In the ALJ decision at issue in this appeal, the ALJ made no similar finding. Rather, the ALJ discussed Plaintiff's work as a van driver during the adjudicated period, picking up and dropping off passengers along a predetermined route (Tr. 605). The ALJ inferred that this job would necessarily involve twisting and bending not only to drive, but to enter and exit the vehicle. (*Id*.) Though "a consistent work history weighs in favor of a positive credibility finding, it is still just 'one factor among many, and it is not dispositive.'" *Summers v. Berryhill*, 864 F.3d 523, 529 (7th Cir. 2017) (citing *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016)). In the present case, Plaintiff's work history actually demonstrates a reasonable ability to perform tasks exceeding limitations alleged and as opined by a treating physician.

Additionally, an ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. *Shideler v. Astrue*, 688 F.3d 306, 310-311 (7th Cir. 2012). Factors relevant to the evaluation of Plaintiff's symptoms include precipitating and aggravating events, daily activities, medication taken to alleviate pain or other symptoms, and treatment (other than medication) received for the relief of pain or other symptoms. 20 C.F.R. § 404.1529(c). An individual's

subjective statements are insufficient to establish disability. 20 C.F.R. § 404.1529(a) (statements about your pain or other symptoms will not alone establish that you are disabled). In the case at bar, the ALJ's consideration of multiple factors supported his conclusions regarding Plaintiff's symptoms, regardless of Plaintiff's work history.

In addition to the objective evidence described above, the ALJ discussed Plaintiff's testimony and subjective reports, medication and side effects, activities of daily living, and her ongoing smoking. Specifically, the ALJ observed that Plaintiff underwent conservative treatment, primarily with pain medication (Tr. 595, 603-604). The ALJ also referred to descriptions of mild mental symptoms – including normal behavior, mood, and affect, without anxiety or depression – that were well controlled on medication (Tr. 597-598 (citing Tr. 236-329, 572-573, 1003, 1097-1125, 1154, 1206, 1217, 1239, 1245, 1256, 1278-1279)).

Plaintiff's COPD was controlled and improved with treatment, and she denied shortness of breath with activities of daily living; she also denied increased cough or excessive fatigue (Tr. 603 (citing Tr. 528-582)). She reported improved symptoms with CPAP treatment (Tr. 603 (citing Tr. 1097-1125, 1204-1282)). Notwithstanding that evidence of improvement in the condition, the ALJ also noted that Plaintiff continued to smoke two packs of cigarettes a day – against medical advice. (Tr. 603 (citing Tr. 1062, 1170-1171, 1336)). Further, the ALJ observed that Plaintiff did not report any adverse side effects from medication (Tr. 601, 604).

Plaintiff also reported socializing with her friends and siblings and that she could shop by herself, care for her granddaughter, perform chores, handle finances, and handle changes in routine (Tr. 599, 602). Plaintiff's husband corroborated her ability to perform chores. (Tr. 602 (citing Tr. 173-180)). Plaintiff also reported going fishing weekly (*id*. (citing Tr. 181-189,

14

856-866)). Clearly, the findings regarding Plaintiff's symptoms were supported by substantial evidence.

Accordingly, for all the above reasons, the ALJ's decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.


Entered: May 1, 2019.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court